FILED
United States Court of Appeals
Tenth Circuit

June 30, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

VICTOR LEE SEVENSTAR,

     Defendant-Appellant.

No. 09-7084

(D.C. No. 6:08-CR-00082-RAW-1)
(E. D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **TACHA,** and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Defendant-Appellant Victor Lee Sevenstar was convicted of committing burglary in the second degree in Indian country in violation of 18 U.S.C. §§ 2, 13,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

1151, and 1153, incorporating Okla. Stat. tit. 21, §§ 1435 and 1436. He was

sentenced to 51 months' imprisonment followed by two years of supervised

release. On appeal, Sevenstar's counsel has filed a brief pursuant to Anders v.

California, 386 U.S. 738, 744 (1967).[1] Neither the government nor Sevenstar has

filed a response.[2] Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we

GRANT counsel's request to withdraw and DISMISS the appeal.

I

On March 11, 2009, Sevenstar, an Indian, was convicted of one count of

second degree burglary in Indian Country, in violation of the Assimilative Crimes

Act, 18 U.S.C. § 13, and the Indian Major Crimes Act (IMCA), 18 U.S.C. § 1151

et seq., assimilating Okla. Stat. tit. 21, §§ 1435 and 1436. Because the crime was

committed in Oklahoma, the IMCA assimilated Oklahoma State law. See 18

U.S.C. § 1153.[3] In Oklahoma, second degree burglary[4] is punishable by

---

[1] Although defense counsel did not file a separate motion to withdraw, we construe his Anders brief as a motion to withdraw.

[2] Sevenstar filed a motion for a thirty-day extension to file a response, which was granted. Sevenstar did not file a brief within this extended period. He also filed a motion requesting copies of transcripts and various documents, which was denied. Sevenstar was informed that he must obtain those documents from his appointed counsel.

[3] Pursuant to 18 U.S.C. § 1153,

(a) Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, manslaughter, kidnapping, maiming, a felony under chapter 109A,

(continued...)

2

imprisonment "not exceeding seven (7) years and not less than two (2) years."

Okla. Stat. tit. 21, § 1436(2).

The presentence report calculated Sevenstar's offense level at 22 and his criminal history category at I. This resulted in an advisory Guidelines range of 41–51 months' imprisonment. Sevenstar filed a motion for a downward departure arguing that because he was convicted under the IMCA of committing a burglary as an Indian in Indian Country, he was subject to much harsher punishment based on his national origin. In other words, he argues that because he is an Indian, he

---

[3](...continued)
incest, assault with intent to commit murder, assault with a dangerous weapon, assault resulting in serious bodily injury (as defined in section 1365 of this title), an assault against an individual who has not attained the age of 16 years, felony child abuse or neglect, arson, burglary, robbery, and a felony under section 661 of this title within the Indian country, shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

(b) Any offense referred to in subsection (a) of this section that is not defined and punished by Federal law in force within the exclusive jurisdiction of the United States shall be defined and punished in accordance with the laws of the State in which such offense was committed as are in force at the time of such offense.

[4] Under Okla. Stat. tit. 21, § 1435,

Every person who breaks and enters any building or any part of any building, room, booth, tent, railroad car, automobile, truck, trailer, vessel or other structure or erection, in which any property is kept, or breaks into or forcibly opens, any coin-operated or vending machine or device with intent to steal any property therein or to commit any felony, is guilty of burglary in the second degree.

3

was subject to the IMCA, and thus, the United States Sentencing Guidelines. According to Sevenstar, if he were convicted of second degree burglary in state court, he would have received a substantially lighter sentence. Thus, he requested that the district court grant a downward departure in order to correct this sentencing disparity and to effectuate U.S.S.G. § 5H1.10 (policy statement that national origin is "not relevant to the determination of a sentence").

On September 11, 2009, the district court held a sentencing hearing. The district court denied his motion for a downward departure and sentenced Sevenstar to 51 months' imprisonment followed by two years' supervised release.

II

Under Anders, defense counsel may "request permission to withdraw where [he or she] conscientiously examines a case and determines that any appeal would be wholly frivolous." United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005). In such a case, "counsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record," and "[t]he client may then choose to submit arguments to the court." Id. We "then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous." Id. After reviewing the record, if we conclude that they are, we "may grant counsel's motion to withdraw and may dismiss the appeal." Id.

Sevenstar's counsel has identified only one possible issue on appeal: whether the district court erred in failing to grant a downward departure to reflect

4

a sentencing disparity between Indians who are convicted of second degree burglary under the IMCA and individuals who are convicted of second degree burglary in Oklahoma state court. We agree with counsel's assertion that there are no meritorious issues for appeal.

At the sentencing hearing, the district court recognized that it had the discretion to depart from the Guidelines, but found that a departure was not warranted. Under these circumstances, we lack jurisdiction to review the district court's denial of Sevenstar's motion for a downward departure. See United States v. Angel-Guzman, 506 F.3d 1007, 1017–18 (10th Cir. 2007) ("Denial of a departure may only be reviewed if the district court unambiguously states it lacks discretion to grant the departure." (quotation omitted)).

We do, however, have jurisdiction to review a sentence for reasonableness. United States v. Chavez-Diaz, 444 F.3d 1223, 1229 (10th Cir. 2006). "We review sentences for reasonableness under a deferential abuse of discretion standard," United States v. Haley, 529 F.3d 1308, 1311 (10th Cir. 2008), reviewing the "sentencing decisions first for procedural reasonableness, and then for substantive reasonableness," United States v. Algarate-Valencia, 550 F.3d 1238, 1242 (10th Cir. 2008).

There is no indication that the district court incorrectly calculated the Guidelines sentence or that it considered the Guidelines to be mandatory. See Haley, 529 F.3d at 1311. Further, the court explicitly applied the factors in 18

5

U.S.C. § 3553(a). Where, as here, "the district court properly considers the relevant Guidelines range and sentences the defendant within that range, the sentence is presumptively reasonable." United States v. Kristl, 437 F.3d 1050, 1055 (10th Cir. 2006). Sevenstar "may rebut this presumption by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in § 3553(a)." See id. However, there is nothing in the record that would rebut this presumption of reasonableness.

After carefully reviewing the record on appeal, we conclude that Sevenstar has no non-frivolous grounds to raise on appeal. We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.

Entered for the Court

Mary Beck Briscoe
Chief Judge

6