FILED
United States Court of Appeals
Tenth Circuit

March 14, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JIMMIE EUGENE JOHNSON, JR.,

Defendant-Appellant.

No. 12-6199
(D.C. No. 12-CR-00122-HE-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

While serving a term of supervised release for prior felony drug and gun convictions, Jimmie Johnson, Jr. and his co-defendant, Julius Turrentine, were caught with nearly eleven kilograms of cocaine during a traffic stop. Ultimately, Mr. Johnson agreed to plead guilty both to new drug charges and to violating the terms of his supervised release. At sentencing, the district court calculated Mr. Johnson's advisory guidelines range to be 120 to 135 months for the drug offense

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and 46 to 57 months for violating his supervised release. In the end, the district court imposed a total sentence of 181 months: 135 months for the cocaine offense and 46 months, to run consecutively, for the supervised release violation. In ordering the terms to run consecutively rather than concurrently, the district court's sentence followed the guidelines's advice, which suggests that "any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving." U.S.S.G. § 7B1.3(f).

Now on appeal, Mr. Johnson doesn't suggest that the district court miscalculated the guidelines range or committed any other procedural error. Instead, he argues that the district court's decision to impose consecutive rather than concurrent sentences rendered his sentence substantively unreasonable. Though the guidelines expressly advise a consecutive sentence, Mr. Johnson says the district court's decision was still error. Error because the court said it chose to follow the guidelines' advice in part to ensure a degree of "proportionality" between Mr. Johnson's sentence and Mr. Turrentine's. As it happens, Mr. Turrentine also violated the terms of *his* supervised release and was sentenced to 240 months for the cocaine offense and a 24 month concurrent sentence for the supervised release violation. The court said it thought any lower sentence for Mr. Johnson than 181 months would be inappropriate in light of the fact he and Mr. Turrentine were convicted of the same offense, played similar roles in committing

the offense, and had committed similar and serious felonies in the past.  Mr. Johnson argues this assessment was error because he and Mr. Turrentine stood in "significantly different positions."  Among other things, Mr. Johnson points to the fact Mr. Turrentine chose to go to trial and there faced an enhancement for career offender status, while Mr. Johnson agreed to plead guilty.

We discern no reversible error.  The district court's within-guidelines sentence is accorded a presumption of reasonableness.  *United States v. McBride*, 633 F.3d 1229, 1232-33 (10th Cir. 2011).  That presumption can only be rebutted "by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in 18 U.S.C. § 3553(a)."  *Id.* at 1233 (alterations omitted).  Yet one of the § 3553(a) sentencing factors expressly authorizes the district court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  18 U.S.C. § 3353(a)(6); *see also generally  United States v. Smart*, 518 F.3d 800, 804 (10th Cir. 2008) ("[T]he district court may compare defendants when deciding a sentence.").  Accordingly, the district court was surely within its rights to consider and seek to avoid an unwarranted disparity between Mr. Johnson and his co-defendant.  Neither did the district court ignore meaningful differences between the two men.  The district court expressly took note of and sought to account for the fact that Mr. Johnson took some degree of responsibility for his actions by pleading guilty while Mr. Turrentine proceeded to trial.  Indeed,

the court issued a total sentence for Mr. Johnson that remained a good deal shorter than Mr. Turrentine's (181 versus 240 months). The district court also clearly explained that it thought an even greater disparity between the two men was unwarranted because, but for this (admittedly significant) difference, the men were otherwise similarly situated given their respective roles in the offense and criminal history. While we do not doubt different people might assess the similarities and differences between Mr. Johnson and his co-defendant differently, we are aware of no authority suggesting the district court's assessment was outside the "range of possible outcomes the facts and law at issue can fairly support," *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2011), and Mr. Johnson directs us to none. Accordingly, we cannot say (as we must to reverse) that the district court's judgment was unreasonable. Affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge