FILED
United States Court of Appeals
Tenth Circuit

April 22, 2014

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

## UNITED STATES COURT OF APPEALS

## TENH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TINA PATRICIA WISEMAN,

Defendant-Appellant.

No. 13-4097

### APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH
### (D.C. No. 2:12-CR-00395-RJS-2)

Submitted on the briefs:

James C. Bradshaw and Ann Marie Taliaferro of Brown Bradshaw & Moffat, L.L.P., Salt Lake City, Utah, for Defendant-Appellant.

David B. Barlow, United States Attorney, and Dave Backman, Assistant United States Attorney, Salt Lake City, Utah, for Plaintiff-Appellee.

Before **BRISCOE,** Chief Judge, **EBEL** and **MATHESON**, Circuit Judges.

**BRISCOE**, Chief Judge.

This is a direct appeal by Tina Patricia Wiseman following her guilty plea to one count of conspiring to distribute oxycodone, in violation of 21 U.S.C. §§ 841, 846. The district court calculated her guideline range to be 57-71 months, but sentenced her to a below-range sentence of 48 months. Wiseman argues on appeal that the district court committed procedural error by refusing to consider the disparity between her sentence and similarly situated defendants sentenced in Utah state court. She sought a downward variance with a resulting sentence of a short prison term, if not probation. We agree with the district court's conclusion that 18 U.S.C. § 3553(a)(6) authorizes consideration of disparate sentences among and between federal defendants, and does not require the court to also consider sentences received by similarly situated state court defendants. We affirm.[1]

## I. BACKGROUND

On July 18, 2012, Tina Wiseman and Jacob Morfin were both charged with one count of conspiracy to distribute oxycodone, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. They had engaged in a conspiracy to obtain oxycodone using falsified prescriptions. The pills were typically split among the conspiracy participants, most of whom were active addicts, including Wiseman. Wiseman accepted a plea agreement in which she agreed to plead guilty, and the

---

[1] After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

2

government agreed to recommend two sentence reductions. Morfin also pleaded guilty and was sentenced to 48 months.

Although 3,240 oxycodone pills were obtained through the efforts of the conspiracy, the Presentence Report ("PSR") considered only 1,080 pills when calculating Wiseman's base offense level. The PSR recommended a three level downward adjustment for acceptance of responsibility and included no enhancements. Wiseman had prior state convictions for attempted possession with intent to distribute and possession of a controlled substance, and she was serving two separate state probation terms for these felony drug offenses when she engaged in the conspiracy at issue. Her criminal history category was III, and her guideline range was 57-71 months. Although probation is authorized by 18 U.S.C. § 3561, a sentence of probation was not within her resulting sentencing guideline range.

Wiseman filed a motion for a downward variance based on the 18 U.S.C. § 3553(a) factors.[2] Wiseman did not contest the guideline range set forth in the PSR, but she argued for a sentence of probation with the opportunity to participate in a rehabilitative drug program. Wiseman asked the district court to

---

[2] We have previously clarified that a "departure" is the result of applying Chapters Four or Five of the Sentencing Guidelines, whereas a "variance" is the result of applying the § 3553(a) factors. United States v. Atencio, 476 F.3d 1099, 1101 n.1 (10th Cir. 2007), overruled in part on other grounds by Irizarry v. United States, 553 U.S. 708, 713 n.1 (2008).

apply § 3553(a)(6) to consider the sentencing disparity between her guideline range and similarly situated state court defendants in Utah. Wiseman repeatedly argued this comparison was appropriate because this type of crime is typically prosecuted in state court where lesser sentences are imposed.

The district court held a sentencing hearing and, after hearing arguments from both parties, the court addressed the § 3553(a) sentencing factors. The court found that Wiseman's crime was "a very serious offense," with over 3,200 pills involved in the conspiracy, and it was her "third serious drug related interaction with the courts." R. Vol. III at 45-46, 48-49. Although Wiseman's personal history warranted a variance below the guideline range, the court concluded that a prison sentence was still appropriate to promote deterrence and respect for the law. Id. at 46-47. In further response to the sentencing disparity argument, the court noted the goal of "consistency in sentencing for the most similar behavior" would in this instance focus upon Wiseman's co-defendant, Morfin, id. at 49-50, who had received a 48 month sentence, id. at 18. The court therefore rejected Wiseman's request for probation and sentenced her to 48 months in prison, followed by 36 months of supervised release. The court also imposed a drug testing requirement during her supervised release.

**II. ANALYSIS**

Wiseman argues the district court committed procedural error because it did not acknowledge it had authority to consider the disparity between sentences

4

imposed in state court when compared to sentences imposed in federal court for similarly situated offenders. The reasonableness of a sentence is reviewed under an abuse of discretion standard. United States v. Gordon, 710 F.3d 1124, 1160 (10th Cir. 2013). "'[W]e review the district court's legal conclusions *de novo* and its factual conclusions for clear error.'" Id. (quoting United States v. Gallant, 537 F.3d 1202, 1234 (10th Cir. 2008)). "'Procedural review asks whether the sentencing court committed any error in calculating or explaining the sentence.'" Id. (quoting United States v. Alapizco-Valenzuela, 546 F.3d 1208, 1214 (10th Cir. 2008)). This includes "'whether the district court incorrectly calculated . . . the Guidelines sentence, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, relied on clearly erroneous facts, or failed to adequately explain the sentence.'" United States v. Haggerty, 731 F.3d 1094, 1098 (10th Cir. 2013) (quoting United States v. Huckins, 529 F.3d 1312, 1317 (10th Cir. 2008)).

Wiseman argues that the disparity between her federal sentence and what she would have received had she been sentenced in state court is a permissible consideration under 18 U.S.C. § 3553(a)(6), which requires the district court, "in determining the particular sentence to be imposed," to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a), (a)(6). Wiseman argues the plain language of the statute, with its general reference to "defendants" should be read to include consideration of state defendants. According to

5

Wiseman, "[i]f Congress intended to limit the consideration to only federal defendants, it knew how to do so."  Appellant's Br. at 17.

This court has previously rejected this argument:

> Sentencing courts must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  18 U.S.C. § 3553(a)(6).  But this does not mean that a sentence calculated under the Guidelines is unreasonable simply because it is harsher than a state-court sentence would be for a comparable crime.  Federal and state authorities have concurrent jurisdiction over various offenses and may apply disparate punishments to similar conduct.  Adjusting federal sentences to conform to those imposed by the states where the offenses occurred would not serve the purposes of § 3553(a)(6), but, rather, would create disparities within the federal system, which is what § 3553(a)(6) is designed to discourage.  As the Fourth Circuit said in reversing a sentence that apparently considered state/federal sentencing disparities, "*The sole concern of section 3553(a)(6) is with sentencing disparities among federal defendants.* . . . The Guidelines [seek] to avoid only the unwarranted disparities that exist [] in the federal criminal justice system, that system for which the Guidelines are governing law."  United States v. Clark, 434 F.3d 684, 687 (4th Cir. 2006).

United States v. Branson, 463 F.3d 1110, 1112-13 (10th Cir. 2006) (emphasis in original).

While Wiseman fully acknowledges this prior precedent, she argues Branson is not controlling:

> Branson, however, did not engage in any type of statutory analysis of §3553(a)(6) to support its finding

6

that Congress intended the consideration to apply only amongst federal defendants. Further, <u>Branson</u> pre-dates <u>Rita</u>, <u>Gall</u>, <u>Kimbrough</u>, and <u>Spears</u>, which opened the door for district courts to consider any number of factors in varying from an advisory Guideline range, including pure policy arguments and categorical disagreement with the guideline range. For these reasons, <u>Branson</u> should not be read to preclude a district court's ability to consider unwarranted sentencing disparities between an advisory federal sentence and the sentences of like offenders in the state system.

Appellant's Br. at 22. But Wiseman provides little analysis and cites no authority that would permit this panel to overrule or distinguish <u>Branson</u>. <u>See</u> <u>United States v. DeVaughn</u>, 694 F.3d 1141, 1149 n.4 (10th Cir. 2012) ("We cannot, of course, overturn the decision of another panel of this court barring en banc reconsideration, a superseding contrary Supreme Court decisions, or authorization of all currently active judges on the court." (quotation omitted)).

Wiseman cites cases that have allowed district courts to vary from guideline sentences based on policy disagreements with the guidelines. <u>See</u> <u>Spears v. United States</u>, 555 U.S. 261, 265-66 (2009); <u>Kimbrough v. United States</u>, 552 U.S. 85, 109-10 (2007); <u>Gall v. United States</u>, 552 U.S. 38, 51 (2007); <u>Rita v. United States</u>, 551 U.S. 338, 351 (2007). Given that district courts can vary based on policy disagreements with the guidelines, Wiseman seeks to extend that sentencing authority by asserting that "a district court is empowered to consider how the calculated [g]uideline sentence promotes an unwarranted disparity between similar defendants, with similar backgrounds, who engaged in

7

similar conduct–whether in the federal or state system."  Appellant's Br. at 19.

The Kimbrough line of cases do not, however, conflict with Branson as they do

not provide a different statutory interpretation of § 3553(a)(6) or otherwise

counsel a different result.  They simply state that the guidelines are advisory and

that district courts have the authority to deviate from guideline sentences based on

policy considerations, including disagreements with the guidelines.  Spears, 555

U.S. at 265-66 (agreeing that the correct interpretation of Kimbrough is that a

district court may vary from a guideline crack cocaine sentence "based solely on

its view that the 100-to-1 ratio embodied in the sentencing guidelines for the

treatment of crack cocaine versus powder cocaine creates an unwarranted

disparity within the meaning of § 3553(a), and is at odds with § 3553(a)"

(quotation omitted)); Kimbrough, 552 U.S. at 110 ("[I]t would not be an abuse of

discretion for a district court to conclude when sentencing a particular defendant

that the crack/powder disparity yields a sentence 'greater than necessary' to

achieve § 3553(a)'s purposes, even in a mine-run case."); Gall, 552 U.S. at 51

("[I]f the sentence is outside the Guideline range, the [appellate] court may not

apply a presumption of unreasonableness.  It may consider the extent of the

deviation, but must give due deference to the district court's decision that the §

3553(a) factors, on a whole, justify the extent of the variance."); id. at 58-59

(rejecting circuit court's conclusion that a below-guideline sentence of probation

"for participation as a middleman in a conspiracy distributing 10,000 pills of

8

ecstacy 'lies outside the range of choice dictated by the facts of the case'" because the sentencing guidelines are not mandatory and "the Guidelines are only one of the factors to consider when imposing sentence, and § 3553(a)(3) directs the judge to consider sentences other than imprisonment"); Rita, 551 U.S. at 351 (stating that district court judges "may hear arguments by prosecution or defense that the Guidelines sentence should not apply, perhaps because . . . the Guidelines sentence itself fails properly to reflect § 3553(a) factors").

The Kimbrough line of cases does not apply here. Their underlying concern is that the guidelines may not always represent the proper balance of the § 3553(a) factors. However, the district court judge in this case believed that a prison sentence was necessary *because of* the § 3553(a) factors, taken together. See R. Vol. III at 45-50; id. at 45 ("On the first point, the nature and circumstances of this offense, I side entirely . . . with [the prosecutor]. . . . I think the circumstances of this offense, while borne out of Ms. Wiseman's addiction, are serious."); id. at 47 ("I agree with [the prosecutor] . . . that given the seriousness of this kind of conduct and behavior, there's a requirement that I impose a sentence that promotes respect for the law."); id. ("I think that in federal court a sentence – a prison sentence is required to provide a deterrence and to promote respect for the law . . . ."); id. at 49 (concerning the unwarranted disparity question, "there is a third consideration . . . which is consistency in sentencing for the most similar behavior, and in this instance that's probably Mr.

9

Morfin is our guidepost"). Further, as stated above, we have previously held in Branson that § 3553(a)(6) is only intended to apply to sentencing disparity among and between similarly situated federal defendants. Thus, § 3553(a)(6) cannot be used to support a downward variance based on the judge's policy judgment that drug sentences in federal court are too long when compared to state court sentences. Perhaps other § 3553(a) factors could support a downward variance here, but § 3553(a)(6) clearly cannot.

The central argument of Wiseman's appeal is that the district court committed procedural error because it failed to consider § 3553(a)(6) when it stated it did not have authority to consider state-federal disparities. But Wiseman mischaracterizes the district court's ruling. Here, the district court *did* consider § 3553(a)(6), but correctly understood its authority because § 3553(a)(6) applies only when addressing sentencing disparities among and between federal defendants sentenced under the federal sentencing guideline regime. See Branson, 463 F.3d at 1112-13; see also United States v. Begin, 696 F.3d 405, 412-13 (3d Cir. 2012) (noting other circuit cases, including Branson, which stated that § 3553(a)(6) is concerned with only federal disparities and holding that "[s]tate-federal disparities are simply irrelevant under § 3553(a)(6)"); United States v. Jeremiah, 446 F.3d 805, 808 (8th Cir. 2006) (holding that "the District Court was neither required nor permitted under § 3553(a)(6) to consider a potential federal/state sentencing disparity" during sentencing). For the district

court's ruling to be an error, state-federal disparities would have to be relevant under § 3553(a)(6), but they are not.  It cannot therefore be procedural error for the district court to fail to consider an issue irrelevant to that factor.  Even after the rulings in Rita, Gall, Kimbrough and Spears, we remain convinced that Branson is controlling as regards the interpretation of § 3553(a)(6).

AFFIRMED.