**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 15, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KENITH MITCHELL,

    Defendant - Appellant.

No. 19-6069
(D.C. No. 5:18-CR-00026-F-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **McKAY**, and **BACHARACH**, Circuit Judges.[**]
_____

Defendant Kenith Mitchell appeals the 24-month sentence entered on remand

from his prior appeal.

While in custody at a federal transfer center in Oklahoma, Defendant

masturbated in the presence of a guard while in her office. Based on this incident,

Defendant pled guilty pursuant to a plea agreement to indecent exposure under Okla.

Stat. tit. 21 § 1021(A)(1), assimilated into the federal criminal code under the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

Assimilative Crimes Act ("ACA"), 18 U.S.C. § 13. The district court sentenced Defendant to a 24-month term of imprisonment to run consecutively to a sentence Defendant began serving in November 2017 pursuant to a Maryland conviction.

In his first appeal, Defendant argued that the government had breached the terms of the plea agreement by suggesting his sentence should run consecutively to his Maryland sentence. The government conceded to this argument and accordingly filed a motion asking us to vacate the judgment and remand for resentencing, which we granted. On remand, the district court again imposed a 24-month term of imprisonment, this time running concurrently with Defendant's Maryland sentence.

In this second appeal, Defendant advances two arguments. First, he contends that, at re-sentencing, the district court should have reduced his sentence from 24 months to 20 months in order to account for the roughly four-month period between the two sentencing proceedings, for which he believes he will not receive time-served credit from the Bureau of Prisons. The premise of this argument appears to be that his new sentence is not deemed to have commenced until the date he was re-sentenced (rather than the date he was initially sentenced), and a four-month reduction is needed to offset the difference in starting dates caused by the government's breach.

The premise of Defendant's argument is flawed. Under controlling Bureau of Prisons policy, "[w]hen a federal sentence is vacated without disturbing its underlying conviction, . . . the post-remand sentence [is treated] as commencing on the same date as the original sentence." *Blood v. Bledsoe*, 648 F.3d 203, 208–09 (3d

Cir. 2011); *see also Manni v. English*, No. 17-3192-JWL, 2018 WL 338153, at *4 (D. Kan. Jan. 9, 2018) ("When a judgment is vacated solely for the purpose of resentencing, the sentence is deemed to run from the same date as the original sentence."), *aff'd* 727 F. App'x 530 (10th Cir. 2018); *cf. Allen v. Crabtree*, 153 F.3d 1030, 1033 (9th Cir. 1998) ("[V]acation of a sentence pending resentencing does not result in the commencement of another sentence ordered to be served consecutively to the vacated one.") Thus, Defendant's new sentence will be deemed to have commenced on the same date as his initial sentence. There was no need for the district court to reduce Defendant's sentence in order to account for a later commencement date, and there is therefore no "error" for us to correct.

Second, Defendant challenges the substantive reasonableness of his sentence, contending that his 24-month term is too long in comparison to defendants found guilty of similar conduct.[1] "We review a district court's sentencing decision for substantive reasonableness under an abuse-of-discretion standard," which "applies without regard to whether the district court imposes a sentence within or outside the advisory guidelines range." *United States v. Cookson*, 922 F.3d 1079, 1090 (10th Cir. 2019) (internal quotation marks omitted). "When reviewing a sentence for substantive reasonableness, we focus on whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *Id.* at 1091 (internal quotation marks omitted).

---

[1] Defendant does not challenge his sentence's procedural reasonableness.

3

For defendants sentenced under the ACA, state law sets the minimum and maximum term of imprisonment a district court may impose, and, within this range, the court "should apply the federal sentencing guidelines to the extent possible." *United States v. Garcia*, 893 F.2d 250, 254 (10th Cir. 1989). Thus, after determining the range set by state law, courts typically still calculate the guidelines range by applying a federal sentencing guideline analogous to the assimilated state offense. *See, e.g.*, *United States v. Flonnory*, 630 F.3d 1280, 1282 (10th Cir. 2011); *United States v. Sevenstar*, 384 F. App'x 823, 825–26 (10th Cir. 2010); *see also* U.S.S.G. § 2X5.1. However, if no guideline is sufficiently analogous to the offense, courts only apply § 3553's provisions. *See* U.S.S.G. § 2X5.1; *see also United States v. Romero*, 432 F. App'x 790, 794–96 (10th Cir. 2011) (affirming ACA sentence imposed pursuant to § 3553 where no analogous guideline applied).

The parties agree that Defendant's 24-month sentence was within the range of 30 days to 10 years of imprisonment set by Oklahoma law. *See* Okla. Stat. tit. 21 § 1021(A). The parties also agree, and the court ruled, that there is no sufficiently analogous guideline that could be applied and thus no guidelines range that could be calculated.[2] From here, the parties' views diverge. Defendant argues that, in determining his sentence, the district court was obliged to consider the need to avoid

---

[2] Defendant contends that, because no guidelines range applies to his offense, we should not give his sentence the presumption of reasonableness normally accorded to sentences within a properly calculated guidelines range. *See United States v. Blair*, 933 F.3d 1271, 1274 (10th Cir. 2019). The government does not dispute this position. We have never addressed the issue, and we will assume, without deciding, that the presumption of reasonableness does not apply here.

unwarranted sentencing disparities between his sentence and the sentences of defendants with similar records who have been found guilty of similar conduct. *See* 18 U.S.C. § 3553(a)(6).[3] Citing language from previous decisions, however, the government argues that courts should not consider sentencing disparities under § 3553(a)(6) unless both the defendant and his comparators are federal defendants sentenced under the guidelines, while here Defendant was not sentenced under the guidelines because no analogous guideline existed.[4] We need not resolve this dispute because, even assuming § 3553(a)(6) applies, Defendant's sentence is not unreasonable.

As an initial matter, the comparators Defendant identifies are not similarly situated with him. He points to federal regulations imposing a maximum six-month sentence for indecent exposure in federal parks and a military installation. *See* 18 U.S.C. § 1865(a); 32 C.F.R. §§ 935.40(f), 935.50; 36 C.F.R. §§ 1.3, 2.34(a)(2). But engaging in this type of behavior in a prison is far different than doing so in a park or

---

[3] *See* 18 U.S.C. § 3551(a) (stating "a defendant who has been found guilty of an [ACA] offense . . . shall be sentenced in accordance with the provisions of this chapter," which includes § 3553(a)(6)).

[4] *See United States v. Wiseman*, 749 F.3d 1191, 1196 (10th Cir. 2014) (explaining the court "did not have authority to consider state-federal disparities . . . because § 3553(a)(6) applies only when addressing sentencing disparities among and between federal defendants sentenced under the federal sentencing guideline regime"); *United States v. Verdin-Garcia*, 516 F.3d 884, 899 (10th Cir. 2008) (noting § 3553(a)(6) does not require consideration of sentencing disparities among co-defendants, but instead "requires a judge to take into account only disparities nationwide among defendants with similar records and Guideline calculations" (emphasis omitted)).

military installation. Prisoners and their guards in a very real sense are captive to individuals who have shown a propensity to victimize others, flout rules, and defy authorities in an environment where doing so can create heightened dangers for guards, prisoners, and the public at large. *See generally United States v. Jones*, 254 F. App'x 711, 720 (10th Cir. 2007). The federal enclaves Defendant points to do not share these characteristics, so his conduct is simply not on par with that of defendants who violate the regulations he cites. *See United States v. Lente*, 759 F.3d 1149, 1168 (10th Cir. 2014) ("[D]isparate sentences are allowed where the disparity is explicable by the facts on the record." (internal quotation marks omitted)).

Defendant also points to other defendants who were sentenced under the ACA for violating Okla. Stat. tit. 21 § 1021(A)(1) or similar state laws. We are not persuaded by these proposed comparisons. The defendant in *United States v. Phalan*, 39 F. App'x 6 (4th Cir. 2002), who received no prison term, is not an apt comparator because he did not engage in the conduct in a prison environment, there is no indication the conduct occurred in an aggravated manner, and nothing indicates he engaged in this type of behavior on other occasions.[5] *See Lente*, 759 F.3d at 1168.

---

[5] As the district court explained, "[D]efendant went about committing th[e] offense" in a "somewhat aggravated way." (R. vol. III at 14.) Defendant entered a guard's office while she ate lunch. The guard told him to leave and turned her back to him, but Defendant remained and began masturbating behind her. When the guard turned around and saw him, she yelled at him to stop and leave. Defendant left but returned to the office minutes later and asked to use the guard's computer, causing her to fear for her safety. Later that day, another prison employee witnessed Defendant masturbating while watching an attorney meet with her client in an adjacent cell. In addition to the instant offense, Defendant, in less than a year,

6

The defendant in *United States v. Engelhorn*, 122 F.3d 508 (8th Cir. 1997), who received a one-year term, is likewise an inapt comparator because he was convicted of *attempted* indecent exposure. Had he been convicted of indecent exposure, he might have received up to a two-year term of imprisonment. *See Engelhorn* 122 F.3d at 510. And the defendant in *United States v. Hamlin*, No. 5:18-cr-00027-D-1 (W.D. Okla.), who received a year-and-a-day term, also makes a poor comparator because his sentence ran consecutive to, not concurrently with, a term he was already serving. *Cf. United States v. Johnson*, 565 F. App'x 771, 772–73 (10th Cir. 2013) (affirming district court's decision to avoid disparity between similarly situated co-defendants by imposing consecutive sentences on one and concurrent sentences on the other).

Beyond failing to identify suitable comparators, Defendant's argument also falls short because the district court determined that avoiding unwarranted sentencing disparities carried little weight compared to other § 3553(a) factors. "[C]onsideration of unwarranted sentence disparities is but one factor that a district court must balance against the other § 3553(a) factors in arriving at an appropriate sentence." *Lente*, 759 F.3d at 1168 (internal quotation marks omitted). "Of course, the district court need not afford equal weight to each § 3553(a) factor," *Cookson*, 922 F.3d at 1094, and "[w]e give substantial deference to the district court's weighing of these factors," *United States v. Barnes*, 890 F.3d 910, 915 (10th Cir. 2018).

---

accrued nine disciplinary charges for engaging in sexual acts and one disciplinary charge for indecent exposure while in Bureau of Prisons custody.

Here, the district court took into account all of the § 3553(a) factors.  The court addressed Defendant's arguments regarding sentencing disparities but accorded that factor little weight because "comparing indecent exposure defendants and determining whether any two are similarly situated is . . . extraordinarily difficult," as "there really is a fairly broad range of gravity to the offense conduct that could come under this heading."  (R. vol. I at 31.)  Instead, the court determined that Defendant's criminal history and the nature and circumstances of the offense (and to a lesser extent the need for deterrence and incapacitation) were the predominant factors to consider and accorded them greater weight.  On the record before us, we cannot say the court abused its discretion in its weighing of the § 3553(a) factors.

In the end, Defendant's arguments do not persuade us the district court abused its discretion in imposing a 24-month concurrent term.  The sentence is **AFFIRMED**.

Entered for the Court


Monroe G. McKay
Circuit Judge

8