### STATE v. BOBBY LOWERY.

(Filed 21 September, 1966.)

**Obscenity—**

   An intentional indecent exposure of the person while sitting in an automobile on a public street, in such manner as to be seen by members of the passing public using the street, constitutes the common law offence of indecent exposure.

APPEAL by defendant from *Farthing, J.,* June 1966 Session of McDOWELL.

Criminal action charging one Bobby Lowery with indecent exposure. G.S. 14-190. The State offered evidence tending to show that Mrs. Judy Lytle was walking near Baldwin Avenue in the city of Marion with her six-year old child. Defendant drove his car on Baldwin Avenue within three or four feet of Mrs. Lytle and engaged her in conversation. At the same time he slid over toward Mrs. Lytle and she observed that he did not have pants on. Defendant had his hand on his private part and shook it at her. Defendant offered evidence tending to establish an "alibi."

Verdict: Guilty.

Defendant excepted and appealed to Supreme Court, assigning errors.

*Attorney General Bruton, Deputy Attorney General McGalliard, and Assistant Attorney General Bullock for the State.*
*Everett C. Carnes and I. C. Crawford for defendant.*

PER CURIAM. Defendant's principal contention is that the court should have granted his motion for nonsuit at the conclusion of the State's evidence, principally on the ground that this was not a public place.

Intentional exposure of private parts while sitting in an automobile on a public street in such manner that they could be seen by members of the passing public using the street, and were seen by a passerby, constitutes the common law offence of indecent exposure. *Noblett v. Commonwealth,* 194 Va. 241, 72 S.E. 2d 241; *State v. Edwards,* 233 N.C. 492, 64 S.E. 2d 421.

State's witnesses positively identified the defendant as the person who exposed his private parts in a public place.

The defendant noted several exceptions to the court's rulings on evidentiary matters and to portions of the charge to the jury. Upon examination we find none of them of substantial merit.

The evidence was sufficient to support the verdict, and we find
No error.