## STATE v. CHARLIE EDWARD KING.

### (Filed 14 December, 1966.)

Obscenity—

> Evidence that defendant intentionally exposed himself while sitting in a car parked in a parking lot of a store and was so seen by a patron of the store using the parking lot, is sufficient to overrule nonsuit in a prosecution under G.S. 14-190.

APPEAL by defendant from *McConnell, J.,* at 19 September, 1966 Criminal Session of GUILFORD Superior Court.

The defendant was convicted of indecent exposure in violation of G.S. 14-190. He was first tried in the Municipal-County Court of Guilford County, and upon appeal was again tried and convicted in the Superior Court. From judgment of six months imprisonment, he appealed to this Court.

The evidence for the State tended to show that defendant was sitting in his car in the parking lot at Golden Gate Shopping Center about 3:00 P.M., on 9 August, 1966, and that Mrs. Ann Warmouth parked her car beside his in front of the A & P Store, where she made some purchases. As she returned, she passed King; he was exposing himself, his private parts were out, and he was playing with himself. She saw his penis.

The defendant did not testify or offer other evidence.

He assigns as error the failure of the Court to allow his motion for judgment of nonsuit and the charge of the Court to the effect that a wilful exposure of his private parts in the shopping center where they were visible to people passing through the parking lot would be sufficient to constitute a violation of G.S. 14-190.

*T. W. Bruton, Attorney General, James F. Bullock, Assistant Attorney General for the State.*
*Herman L. Taylor for defendant appellant.*

PER CURIAM. " 'Public place' means a place which in point of fact is public as distinguished from private, but not necessarily a place devoted solely to the uses of the public, a place that is visited by many persons and to which the neighboring public may have resort, a place which is accessible to the public and visited by many persons. *Ellis v. Archer,* 161 N.W. 192; *People v. Lane,* 32 N.Y.S. 2d 61. A mercantile establishment and the premises thereof is a public place during business hours when customers are coming and going." *S. v. Fenner,* 263 N.C. 694, 140 S.E. 2d 349.

We said in the recent case of *S. v. Lowery,* 268 N.C. 162, 150 S.E. 2d 23: "Intentional exposure of private parts while sitting in

an automobile on a public street in such manner that they could be seen by members of the passing public using the street and were seen by a passerby constitutes common law offense of indecent exposure."

"It is not essential to the crime of indecent exposure that someone shall have seen the exposure provided it was intentionally made in a public place and persons were present who could have seen if they had looked." 33 Am. Jur. 19.

"The offense does not depend upon the number of people present and an intentional act of lewd exposure offensive to one or more persons is sufficient." 67 C.J.S. 26.

It appears from the above that all the elements necessary to constitute the crime of indecent exposure were shown by the State's evidence. The jury accepted it as true, and in the trial there was

No error.