WARNER, J.
The state appeals an order granting a motion to suppress, based on the trial court’s finding that the officers had no jurisdiction to arrest appellee for violation of an ordinance prohibiting drinking in a public place, because appellee’s car was not a “public premise,” although she was parked in a city parking lot in a city park. We hold that the officers had jurisdiction to arrest appellee for drinking a beer in her ear while in a public parking lot in violation of the'ordinance, and the court erred in granting the motion to suppress.
The parties agreed on the facts of the case. The probable cause affidavit shows that ap-pellee was sitting in the driver’s seat of her ear which was parked in the city parking lot of a public park. The police officers saw her drinking from a can of beer as she sat in her car. The officers approached appellee and asked her to exit the car based on a municipal ordinance that prohibits the consumption of alcoholic beverages upon public premises. As she exited the car, appellee took a small white object from the center console, dropped it on the ground, and placed her foot on it. An officer saw the object drop to the ground and asked appellee to remove her foot. When she complied, the officer found rock cocaine. Appellee was arrested for possession of narcotics.
At the hearing on the motion to suppress, appellee argued that the officers did not have jurisdiction to arrest her based on the city ordinance, since she was drinking the beer in her car and not in a public place. The state argued that the arrest was proper because appellee’s car was in a public place and thus, as she sat in the car drinking alcohol, she was in violation of the ordinance. The trial court found that the car did not constitute a *370 “public premise” and entered its order granting the motion to suppress. The state then filed the present appeal of that order.
The only issue on appeal is whether the trial court erred as a matter of law in granting the motion to suppress upon a finding that appellee was not in a public place, for purposes of the ordinance, when she was sitting in her car in the lot of a public park. Pompano Beach Ordinance 133.11(A) provides:
It shall be unlawful for any person to consume any intoxicating beverages, regardless of alcoholic content, upon all unlicensed public premises including streets, sidewalks, public beaches or other public places within the city.
Appellee points to section 810.011, Florida Statutes (1997), which defines a motor vehicle as a conveyance, and to section 810.02(1), which defines burglary of a conveyance. Ap-pellee argues that a car is a closed private area not open to the public, and therefore, not subject to the ordinance. The state responds that it would be illogical to interpret the ordinance to disallow drinking in a public park but to allow drinking in that park as long as the drinker is sitting in a car.
In relation to searches, courts have found that there is a diminished expectation of privacy in an automobile. See United States v. Chadwick, 433 U.S. 1, 12-13, 97 S.Ct. 2476, 2484, 53 L.Ed.2d 538 (1977). In United States v. Czeck, 105 F.3d 1235, 1238 (8th Cir.1997), the court found that a warrantless arrest may be made where the arrestee is in a car in a public place. The court in that case reasoned:
A warrantless arrest in a public place is valid if the arresting officer has probable cause. See United States v. Watson, 423 U.S. 411, 418, 423-24, 96 S.Ct. 820, 825, 827-28, 46 L.Ed.2d 598 (1976). Several courts have upheld, without extensive discussion, arrests of suspects who were in automobiles located in public places. Czeck cites no authority for the proposition that a car that is in a public place is not itself a “public place” for purposes of the Watson exception to the warrant requirement. Based on the reasoning of other Fourth Amendment decisions, we believe the opposite is true: when a suspect is in a car that is in a public place (and the suspect is thus at least partially visible to the public), an officer with probable cause may arrest the suspect without a warrant. See California v. Acevedo, 500 U.S. 565, 579-80, 111 S.Ct. 1982, 1990-91, 114 L.Ed.2d 619 (1991) (explaining scope of permissible warrantless searches of cars); United States v. Chadwick, 433 U.S. 1, 12, 97 S.Ct. 2476, 2484, 53 L.Ed.2d 538 (1977) (recognizing “the diminished expectation of privacy which surrounds the automobile”); United States v. Santana, 427 U.S. 38, 42, 96 S.Ct. 2406, 2409-10, 49 L.Ed.2d 300 (1976) (holding that suspect standing in doorway of home is in public place); United States v. Hoyos, 892 F.2d 1387, 1393-94 (9th Cir.1989) (holding that suspect looking over backyard fence at police is in public place), cert. denied, 498 U.S. 825, 111 S.Ct. 80, 112 L.Ed.2d 52 (1990); United States v. Varkonyi, 645 F.2d 453, 457-58 (5th Cir. Unit A May 1981) (holding that suspect visible through business yard fence is in public place).
Id. (citations omitted). Similarly, intentional indecent exposure while sitting in an automobile in a public place constitutes exposure in a public place, as prohibited by law. See State v. Streath, 73 N.C.App. 546, 327 S.E.2d 240, 244 (N.C.Ct.App.1985); see also State v. King, 268 N.C. 711, 151 S.E.2d 566, 567 (N.C.1966). We agree with the rationale of these cases.
The court erred as a matter of law in determining that appellee was in a private place when seated in her automobile parked in a public lot drinking a beer. For that reason, we reverse the order of suppression.
KLEIN, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.