STATE v. FUSCO

[136 N.C. App. 268 (1999)]

STATE OF NORTH CAROLINA v. WILLIAM JOSEPH FUSCO

No. COA99-130

(Filed 30 December 1999)

**1. Obscenity— indecent exposure—testimony of victim not required**

Even though one of the victims never testified at trial, the trial court did not err in failing to dismiss that indecent exposure charge on the basis that any testimony elicited on her behalf to substantiate the charge amounts to inadmissible hearsay because: (1) if defendant had any specific complaints with alleged hearsay statements purportedly made by that victim that were received into evidence, his proper avenue of appeal was to assign error to the trial court's admission of these statements; and (2) the victim's testimony was not even needed to substantiate the charge since the State only needed to show that defendant was exposing himself and that the victim was present during the exposure and could have seen had she looked.

**2. Obscenity— indecent exposure—public place—creek embankment—use of property is key criterion**

The trial court did not err in failing to dismiss both counts of indecent exposure on the basis that the creek embankment adjacent to one victim's backyard was not a "public place" under N.C.G.S. § 14-190.9(a) because use of the property, as opposed to its ownership, is the key criterion and the evidence establishes that the creek embankment was being used by the public.

**3. Obscenity— indecent exposure—public place—accessability and viewability**

The trial court did not err in an indecent exposure case by its instruction to the jury concerning the definition of "public place" even though its final part of the instruction focuses on public view whereas our Supreme Court's definition focuses on accessibility because: (1) if a place is open to the public for access, it is also open to the public's view; and (2) Black's Law Dictionary focuses on both accessibility and viewability in its definition of "public," and our courts have previously endorsed the use of this dictionary to define legal terms.

STATE v. FUSCO

[136 N.C. App. 268 (1999)]

Appeal by defendant from judgment entered 7 October 1998 by Judge Robert L. Farmer in Wake County Superior Court. Heard in the Court of Appeals 8 December 1999.

*Attorney General Michael F. Easley, by Assistant Attorney General V. Lori Fuller, for the State.*

*David S. Brannon for defendant-appellant.*

LEWIS, Judge.

Defendant was tried at the 10 February 1998 session of Wake County District Court on two counts of indecent exposure, a class II misdemeanor. Judge Fred Morelock found him guilty on both counts, and defendant appealed to the Superior Court for a trial *de novo*. He was subsequently tried at the 7 October 1998 session of Wake County Superior Court. The jury returned a verdict of guilty as to both counts on 7 October 1998, and defendant now appeals.

The evidence at trial tended to show that, on 10 October 1997, Stephanie Dennis was at home eating lunch with her husband, Chris Dennis, and her mother, Elaine Davis. Mrs. Dennis and her mother both looked out the window and saw defendant lying on a creek embankment adjacent to their backyard. He had his robe open and was masturbating. Mr. Dennis then looked out the window and saw the same thing. Both Mr. and Mrs. Dennis testified that they saw defendant's genitalia. When Mr. Dennis ran out into the backyard to confront him, defendant left. Mr. Dennis then called the police. Defendant was subsequently charged with two counts of indecent exposure: (1) indecent exposure in the presence of Mrs. Dennis and (2) indecent exposure in the presence of Mrs. Davis. Mrs. Davis did not testify at trial; Mrs. Dennis did.

[1] Defendant first argues that the charge for indecent exposure in the presence of Mrs. Davis should have been dismissed because Mrs. Davis never testified. He argues that any testimony elicited on her behalf to substantiate the charge amounts to inadmissible hearsay. However, defendant has not assigned error to any particular testimony alleged to be hearsay. Rather, his complaint is that the entire charge against defendant should have been dismissed solely because Mrs. Davis did not testify. We find this argument to be without merit.

Defendant has not been able to cite us to any case law affirmatively requiring the complaining witness or victim to testify at trial.

None is cited because no such requirement exists. Countless scenarios exist in which the complaining witness or victim cannot testify, but the charges against a defendant have been allowed to proceed. Every murder case involves such a situation. A criminal assault case in which the victim is left comatose is another such situation. Accordingly, the mere fact that Mrs. Davis did not testify does not justify dismissal of the charge for indecent exposure in her presence. If defendant had any specific complaints with alleged hearsay statements purportedly made by Mrs. Davis being received into evidence, defendant's proper avenue of appeal was to assign error to the trial court's admission of these statements, not to the trial court's failure to dismiss the underlying charge itself.

Furthermore, we note that Mrs. Davis' testimony was not even needed to substantiate this charge. Indecent exposure involves exposing one's self "in the presence of" a person of the opposite sex. N.C. Gen. Stat. § 14-190.9(a) (amended 1998). The victim need not actually see what is being exposed. *State v. Fly*, 348 N.C. 556, 561, 501 S.E.2d 656, 659 (1998). Accordingly, the State was not required to produce evidence as to what Mrs. Davis actually saw; it only needed to show that defendant was exposing himself and that Mrs. Davis was present during this exposure and could have seen had she looked. *Id.* The testimony by both Mr. and Mrs. Dennis, as outlined above, established these requirements.

[2] Next, defendant contends that both counts against him should have been dismissed because the creek embankment was not a "public place," a requisite element of the offense. *See* N.C. Gen. Stat. § 14-190.9(a) (amended 1998). Again we disagree. For purposes of indecent exposure, our Supreme Court has defined "public place" as follows:

> "a place which in point of fact is public as distinguished from private, but not necessarily a place devoted solely to the uses of the public, a place that is visited by many persons and to which the neighboring public may have resort, *a place which is accessible to the public and visited by many persons.*"

*State v. King*, 268 N.C. 711, 711, 151 S.E.2d 566, 567 (1966) (per curiam) (emphasis added) (quoting *State v. Fenner*, 263 N.C. 694, 698, 140 S.E.2d 349, 352 (1965). This definition connotes that *use* of the property, as opposed to its ownership, is the key criterion. *Cf. State v. Streath*, 73 N.C. App. 546, 552, 327 S.E.2d 240, 244 (holding that the open parking lot of a business is a public place), *disc. review denied,*

313 N.C. 513, 329 S.E.2d 402 (1985). Here, the evidence established that the creek embankment was being used by the public. Children played on the creek bed frequently, nothing prevented any person from walking through the Dennis' backyard to get to the creek, and there were no signs of a "No Trespassing" nature posted anywhere along the creek. We therefore hold that this creek embankment was a "public place" for purposes of our indecent exposure statute.

[3] Finally, defendant assigns error with a portion of the trial court's instruction on the definition of "public place." Over defendant's objection, the trial court instructed the jury as follows:

> A public place means a place which in point of fact is public as distinguished from private, but not necessarily a place devoted solely to the uses of the public. It's a place that is visited by many persons and to which the neighboring public may have resort. A public place is a place which is viewable from any location open to the view of the public at large.

(Tr. at 48). We note that the first two sentences of this instruction are taken directly from our Supreme Court's definition of "public place" in *King*, set out earlier. Defendant nonetheless contends that the trial court unlawfully expanded the Supreme Court's definition by adding the third sentence.

We conclude that the trial court's instructions represent an accurate statement of the law. Essentially, the only difference between the trial court's instruction and our Supreme Court's definition is that the final part of the instruction focuses on public view, whereas the final part of the Supreme Court's definition focuses on accessibility. Quite naturally, if a place is open to the public for access, it is also open to the public's view. Also of note, the definition of "public" in *Black's Law Dictionary* focuses on both accessibility and viewability. *See* Black's Law Dictionary 1242 (7th ed. 1999) ("A place open *or visible* to the public." (emphasis added)). Our courts have previously endorsed the use of *Black's Law Dictionary* to define legal terms. *See, e.g., State v. Fenner*, 263 N.C. 694, 701, 140 S.E.2d 349, 354 (1965). We thus find no error with the trial court's inclusion of a sentence focusing on viewability as part of its overall instruction on the meaning of "public place."

No error.

Judges WYNN and MARTIN concur.