**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                        No. 01-4844

THEODORE R. PHALAN,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Elizabeth City.
Terrence W. Boyle, Chief District Judge.
(CR-01-97-2-BO)

Submitted: March 20, 2002

Decided: April 12, 2002

Before LUTTIG and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

### COUNSEL

Theodore R. Phalan, Appellant Pro Se. James Anthony Candelmo,
OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Theodore R. Phalan was convicted of indecent exposure in violation of N.C. Gen Stat. § 14-190.9 (2000), as assimilated by the Assimilative Crimes Act, 18 U.S.C.A. § 13 (West 2000). He was sentenced to two years probation, a $75 fine, and 100 hours of community service. Phalan appeals his conviction and sentence.

Phalan first contends the evidence was insufficient to establish his guilt. In reviewing challenges to the sufficiency of the evidence, we determine whether there is substantial evidence, when viewed in the light most favorable to the government, to support the conviction. *Glasser v. United States*, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, we inquire whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a finding of defendant's guilt. *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996).

To convict Phalan of indecent exposure under North Carolina law, the Government was required to prove "(1) the willful exposure, (2) of private parts of one's person, (3) in a public place, (4) in the presence of one or more persons of the opposite sex." *State v. Fly*, 501 S.E.2d 656, 658 (N.C. 1998). Phalan did not contest the Government's evidence at trial, but argued that his actions were not indecent. On appeal, he asserts that he was not in the presence of a member of the opposite sex because the female Park Service employee who saw him was only able to glimpse him as she passed in a vehicle, and the statute was misapplied to his case.

A conviction of violating § 14-190.9 does not require proof that the defendant's acts were indecent. *State v. King*, 204 S.E.2d 667, 671 (N.C. 1974). Moreover, whether the member of the opposite sex saw anything is irrelevant. "The statute does not go to what the victim saw

but to what the defendant exposed in her presence without her consent." *Fly*, 501 S.E.2d at 659; *see also State v. Fusco*, 523 S.E.2d 741, 742 (N.C. Ct. App. 1999). We conclude that the evidence was sufficient to convict Phalan of indecent exposure.

Phalan also contends that his punishment was excessive. The Government agrees that the two-year term of probation imposed by the district court exceeded the statutory maximum of one year, and requests the sentence be vacated and the case remanded for resentencing.

The Assimilative Crimes Act specifies that a person guilty of an assimilated offense "shall be subject to a like punishment," as proscribed by the law of the jurisdiction under which the offense is defined. *See* 18 U.S.C.A. § 13(a) (West 2000); *United States v. Harris*, 27 F.3d 111, 115-16 (4th Cir. 1994). Under North Carolina law, the crime of indecent exposure is a Class 2 misdemeanor, for which a sentence of imprisonment is not authorized. N.C. Gen. Stat. §§ 14-190.9(a), 15A-1340.23 (2000). Probation, however, may be imposed for a period up to eighteen months. N.C. Gen. Stat. § 15A-1343.2(d)(1) (2000).

As the Government notes in its brief, because imprisonment is not an authorized punishment under state law, Phalan's crime is considered an infraction under federal law. 18 U.S.C.A. § 3559(a)(9) (West 2000). The maximum sentence for an infraction is five days imprisonment, one year of probation, and a fine of $5000. 18 U.S.C.A. §§ 3561(c)(3), 3571(b)(7), 3581(b)(9) (West 2000). Because imprisonment is not available under North Carolina law, however, it is not an authorized punishment under the Assimilative Crimes Act. *Harris*, 27 F.3d at 116. Phalan's sentence of two years probation exceeds the federal statutory maximum of one year, and requires correction.

We therefore affirm Phalan's conviction, but vacate his sentence and remand for resentencing. We deny Phalan's motion to expedite. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED*

*IN PART, AND REMANDED*