STROUD, Judge.
 

 *327
 
 Defendant appeals judgment entered upon a jury verdict finding him guilty of indecent exposure in the presence of a minor. For the following reasons, we conclude there was no error.
 

 I. Background
 

 Ms. Smith
 
 [1]
 
 and her four-year-old daughter were defendant's next-door neighbors.
 

 *227
 
 The State's evidence tended to show that on 13 May 2013, at approximately 3:00 pm Ms. Smith and her daughter saw defendant masturbating in front of his garage. On or about 9 December 2013, defendant was indicted for felonious indecent exposure. After a trial, the jury found defendant guilty, and the trial court entered a judgment suspending defendant's active sentence and sentencing him to 30 months of supervised probation. Defendant appeals.
 

 II. Motion to Dismiss
 

 Defendant contends that the trial court should have granted his motions to dismiss. "Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied."
 
 State v. Scott,
 

 356 N.C. 591
 
 , 595,
 
 573 S.E.2d 866
 
 , 868 (2002).
 

 The elements of felony indecent exposure are that an adult willfully expose the adult's private parts (1) in a public place, (2) in the presence of a person less than sixteen years old, and (3) for the purpose of arousing or gratifying sexual desire. N.C. Gen.Stat. § 14-190.9(a1) (2013).
 

 State v. Waddell,
 
 --- N.C.App. ----, ----,
 
 767 S.E.2d 921
 
 , 922 (2015) (quotation marks omitted).
 

 Defendant argues that because he was on his own property he was not in a "public place." In the context of indecent exposure, our Supreme Court has defined a "public place" as "a place which in point of fact is public as distinguished from private, but not necessarily a place devoted solely to the uses of the public, a place that is visited by many persons and to which the neighboring public may have resort, a place which is accessible to the public and visited by many persons."
 
 State v. King,
 

 268 N.C. 711
 
 , 711,
 
 151 S.E.2d 566
 
 , 567 (1966) (citations and quotation marks
 
 *328
 
 omitted);
 
 see
 

 State v. Fusco,
 

 136 N.C.App. 268
 
 , 271,
 
 523 S.E.2d 741
 
 , 743 (1999) (concluding that it was "an accurate statement of the law" to instruct the jury that "[a] public place is a place which is viewable from any location open to the view of the public at large").
 

 The evidence showed that defendant's garage was directly off a public road and that his garage door opening was in full view from the street. Furthermore, defendant's property shared a driveway with Ms. Smith's property, and his garage was in full view from the front of her house. Defendant was standing on his own property, but his exposure was in a "public place" because he was easily visible from the public road, from the shared driveway, and from his neighbor's home.
 
 See
 
 id.
 

 Therefore, the trial court did not err in denying defendant's motion to dismiss, and this argument is overruled.
 

 II. Jury Instructions
 

 Defendant next contends that the trial court erred in instructing the jury on the element of "public place," arguing that the trial court incorrectly instructed the jury that "[a] public place is a place which is viewable from any location open to the view of the public at large."
 
 [2]
 
 Defendant objected both before the instructions were given and after. We review this issue as to the jury instruction
 

 contextually and in its entirety. The charge will be held to be sufficient if it presents the law of the case in such manner as to leave no reasonable cause to believe the jury was misled or misinformed. Under such a standard of review, it is not enough for the appealing party to show that error occurred in the jury instructions; rather, it must be demonstrated that such error was likely, in light of the entire charge, to mislead the jury.
 

 State v. Glynn,
 

 178 N.C.App. 689
 
 , 693,
 
 632 S.E.2d 551
 
 , 554 (citation, quotation marks, ellipses, and brackets omitted),
 
 disc. review denied and appeal dismissed,
 

 360 N.C. 651
 
 ,
 
 637 S.E.2d 180
 
 (2006). The instruction defendant contests is a verbatim quote from the jury instruction used in
 
 Fusco,
 
 and this Court determined it was "an accurate statement of the law" to instruct the jury that "[a]
 

 *228
 
 public place is a place which is viewable from any location open to the view of the public at large."
 
 136 N.C.App. at 271
 
 ,
 
 523 S.E.2d at 743
 
 . Therefore, we conclude there was no error in the trial court's jury instruction.
 

 *329
 
 Defendant also contends that although he did not request this instruction, it was plain error for the trial court not to instruct the jury that the defendant must have been in view of the public "with the naked eye and without resort to technological aids such as telescopes" and the like. Defendant presents several hypothetical arguments in which a man lives in a house which "is set back from the highway [and other houses] by no less than 2500 feet" and he sunbathes in the nude on his porch or in his yard. Various hypothetical women who are not on his property but are using a camera with a telephoto lens, binoculars, a small plane, or a law-enforcement-owned drone then see him,
 
 au naturel.
 
 Although defendant's hypothetical arguments are interesting, there was absolutely no evidence of any "technological aids" used to view defendant in this case. Ms. Smith and her daughter were simply getting out of the car with their groceries when, with their non-technologically-aided eyes, they saw defendant in front of his garage next door. Even if an instruction regarding "technological aids" may be appropriate some cases, it is not needed where the evidence entirely fails to support it; so the absence of this instruction is not error, much less plain error.
 
 See
 

 State v. Saunders,
 
 ---N.C.App. ----, ----,
 
 768 S.E.2d 340
 
 , 342 (2015) (noting that for error to be plain error it must have "had a probable impact on the jury verdict"). This argument is overruled.
 

 III. Conclusion
 

 For the foregoing reasons, we conclude there was no error.
 

 NO ERROR.
 

 Judges CALABRIA and INMAN concur.
 

 [1]
 

 We have used a pseudonym for the complaining witness to protect her privacy.
 

 [2]
 

 Due to an error in recordation, the trial court's full jury instructions were not provided in the transcript but instead were reconstructed in the record on appeal.