IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA17-1324

 Filed: 17 July 2018

Catawba County, No. 16 CRS 2841

STATE OF NORTH CAROLINA

 v.

NEIL WAYNE HOYLE

 Appeal by defendant from judgment entered 1 June 2017 by Judge Jeffrey P.

Hunt in Catawba County Superior Court. Heard in the Court of Appeals

15 May 2018.

 Attorney General Joshua H. Stein, by Special Deputy Attorney General Tiffany
 Y. Lucas, for the State.

 Anne Bleyman for defendant.

 ARROWOOD, Judge.

 Neil Wayne Hoyle (“defendant”) appeals from judgment entered upon his

conviction for felony indecent exposure. For the following reasons, defendant is

entitled to a new trial.

 I. Background

 On 6 June 2016, a Catawba County Grand Jury indicted defendant on one

count of felony indecent exposure and one count of misdemeanor indecent exposure

based on allegations that defendant exposed himself to a mother and her four-year-
 STATE V. HOYLE

 Opinion of the Court

old son (the “child”) on 16 March 2016. Defendant’s case was tried in Catawba

County Superior Court before the Honorable Jeffrey P. Hunt beginning on

30 May 2017.

 The evidence at trial tended to show that just after the mother and her son

arrived home on 16 March 2016, as the mother was unloading groceries and the child

was playing in the front yard, a man later identified as defendant pulled up in front

of the house with the passenger side of his vehicle facing the house. The road was

slightly elevated from the front yard. Defendant first asked for directions. When the

mother said she could not help him, defendant offered to work on the house and

offered his business card. The mother declined several times, but defendant was

persistent that she take his card. The mother approached defendant’s vehicle with

several grocery bags in her hand to take the card, believing defendant would then

leave and she could finish unloading her groceries. The child was swinging on a

nearby tree in the front yard, but did not approach defendant’s vehicle. As the mother

reached into defendant’s passenger window and took the card from defendant, she

saw that defendant had his hand on his exposed penis. The mother jerked back,

dropped her bags, and fell into the small ditch alongside the road. The mother could

hear defendant laugh and drive away as she gathered herself, grabbed her son, and

ran into the house.

 -2-
 STATE V. HOYLE

 Opinion of the Court

 Once inside, the mother called the police. After several minutes, the mother

went outside to gather the things she dropped and noticed that defendant’s card was

on the ground. When the police arrived, the mother told them what happened and

gave them defendant’s card. The police were able to identify a suspect based on the

information on the card and the mother positively identified defendant in a

photograph shown to her by the police. Defendant was in his mid-40s.

 The mother testified that defendant never verbally acknowledged the child,

but did look over at him. The mother also testified that she did not think the child

saw what defendant was doing. Based on the mother’s description of the events and

analysis of the scene, the investigating officer testified that the child was

approximately 20 feet away from the location where defendant pulled up in front of

the house. The tree the child was playing on was approximately 14 feet away from

the location where defendant pulled up in front of the house.

 Defendant turned himself in to police on 18 March 2016. At that time,

defendant was questioned and arrested. Defendant acknowledged that he pulled up

to the house and interacted with the mother. Defendant, however, denied exposing

himself.

 On 1 June 2017, the jury returned verdicts finding defendant guilty of felony

indecent exposure and misdemeanor indecent exposure. The trial court entered

judgment on felony indecent exposure sentencing defendant to a term of 10 to 21

 -3-
 STATE V. HOYLE

 Opinion of the Court

months imprisonment and imposing sex offender registration and satellite-based

monitoring requirements on defendant upon his release. The trial court arrested

judgment on misdemeanor indecent exposure. Defendant gave notice of appeal in

open court.

 II. Discussion

 On appeal, defendant challenges the trial court’s denial of his motions to

dismiss and his request for a special jury instruction for felony indecent exposure.

 1. Motion to Dismiss

 At the close of the State’s evidence and at the close of all the evidence,

defendant moved to dismiss the charges,1 specifically arguing the State did not

present sufficient evidence to support the felony indecent exposure charge.

Defendant now challenges the trial court’s denial of his motions.

 “This Court reviews the trial court’s denial of a motion to dismiss de novo.”

State v. Smith, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). “ ‘Upon defendant’s

motion for dismissal, the question for the Court is whether there is substantial

evidence (1) of each essential element of the offense charged, or of a lesser offense

included therein, and (2) of defendant’s being the perpetrator of such offense. If so,

the motion is properly denied.’ ” State v. Fritsch, 351 N.C. 373, 378, 526 S.E.2d 451,

455 (quoting State v. Barnes, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993)), cert.

 1 Defendant referred to his motion as a motion for a directed verdict. The trial court, however,
properly considered it as a motion to dismiss for insufficiency of the evidence.

 -4-
 STATE V. HOYLE

 Opinion of the Court

denied, 531 U.S. 890, 148 L. Ed. 2d 150 (2000). “Substantial evidence is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.”

State v. Smith, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). “In making its

determination, the trial court must consider all evidence admitted, whether

competent or incompetent, in the light most favorable to the State, giving the State

the benefit of every reasonable inference and resolving any contradictions in its

favor.” State v. Rose, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), cert. denied, 515

U.S. 1135, 132 L. Ed. 2d 818 (1995). “If the evidence is sufficient only to raise a

suspicion or conjecture as to either the commission of the offense or the identity of

the defendant as the perpetrator of it, the motion should be allowed.” State v. Powell,

299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980).

 This Court has explained that, as defined in N.C. Gen. Stat. § 14-190.9(a1),

“[t]he elements of felony indecent exposure are that an adult willfully expose the

adult’s private parts (1) in a public place, (2) in the presence of a person less than

sixteen years old, and (3) for the purpose of arousing or gratifying sexual desire.”

State v. Waddell, 239 N.C. App. 202, 203, 767 S.E.2d 921, 922 (2015) (internal

quotation marks omitted). Defendant now contends, as he did below, that there was

insufficient evidence that the alleged exposure was “in the presence of” the child to

support the felony indecent exposure charge. Therefore, defendant contends the trial

court erred in denying his motions to dismiss. Defendant does not challenge the

 -5-
 STATE V. HOYLE

 Opinion of the Court

sufficiency of the evidence related to the other elements of felony indecent exposure,

or the evidence of misdemeanor indecent exposure.

 This Court has made clear that it is not necessary that a defendant expose

himself “to” a child; all that is required under N.C. Gen. Stat. § 14-190.9(a1) is that a

defendant expose himself “in the presence of” a child. Id. at 205, 767 S.E.2d at 924.

 In State v. Fly, 348 N.C. 556, 501 S.E.2d 656 (1998), our Supreme Court

discussed the meaning of “in the presence of” for purposes of indecent exposure. In

that case, a woman rounded a turn on the stairs up to her condominium and looked

up to see the defendant bent over at the waist, with his short pants pulled down to

his ankles, and wearing nothing else besides a backwards baseball cap. Id. at 557,

501 S.E.2d at 657. The Court first addressed whether the defendant exposed his

private parts even though the woman only described seeing the defendant’s

“ ‘buttocks, the crack of his buttocks.’ ” Id. at 557, 559, 501 S.E.2d at 657, 658.

Holding the jury could find the defendant did expose his private parts, the Court

explained that “ ‘ “[i]t is not essential to the crime of indecent exposure that someone

shall have seen the exposure provided it was intentionally made in a public place and

persons were present who could have seen if they had looked.” ’ ” Id. at 561, 501 S.E.2d

at 659 (quoting State v. King, 268 N.C. 711, 712, 151 S.E.2d 566, 567 (1966) (quoting

33 Am. Jur. Lewdness, Indecency and Obscenity § 7, at 19 (1941))) (emphasis added).

The Court further explained that

 -6-
 STATE V. HOYLE

 Opinion of the Court

 [l]ikewise, the current statute does not require that private
 parts be exposed to a member of the opposite sex before the
 crime is committed, but rather that they be exposed “in the
 presence of” a member of the opposite sex. The statute does
 not go to what the victim saw but to what defendant
 exposed in her presence without her consent.

Id. (internal citation omitted) (emphasis in original). Thus, in Fly, “the fact that [the

woman] did not crane her neck or otherwise change her position in an attempt to see

more of defendant’s anatomy than he had already thrust before her face [did] not

defeat the charge of indecent exposure.” Id.

 In State v. Fusco, 136 N.C. App. 268, 523 S.E.2d 741 (1999), the defendant was

convicted of indecent exposure based on evidence showing that a woman and her

mother looked out a window and saw the defendant lying on a creek embankment

adjacent to their backyard masturbating with his robe open. The defendant appealed,

arguing the charge for indecent exposure in the presence of the mother should have

been dismissed because the mother never testified and testimony elicited on her

behalf was hearsay. Id. at 269, 523 S.E.2d at 742. This Court held “the mere fact

that [the mother] did not testify does not justify dismissal of the charge for indecent

exposure in her presence[,]” id. at 270, 523 S.E.2d at 742, noting that “[the mother’s]

testimony was not even needed to substantiate [the] charge[,]” because

 [i]ndecent exposure involves exposing one’s self “in the
 presence of” a person of the opposite sex. The victim need
 not actually see what is being exposed. Accordingly, the
 State was not required to produce evidence as to what [the
 mother] actually saw; it only needed to show that
 defendant was exposing himself and that [the mother] was

 -7-
 STATE V. HOYLE

 Opinion of the Court

 present during this exposure and could have seen had she
 looked.

Id. (emphasis added).

 Based on Fly and Fusco, defendant contends that “while North Carolina

authority does not require that a complaining witness change their position or be

within a certain distance in order to see a defendant’s exposed private parts, . . . [i]n

order to be a victim of indecent exposure it remains necessary that the complaining

witness could have seen the private part if they had looked without much effort.”

Defendant contends there was insufficient evidence in this case that the child could

have seen the alleged exposure to support the presence element. In fact, defendant

contends the evidence shows that the child could not have seen the alleged exposure

without effort. Defendant asserts that in order to see the alleged exposure, the child

would have had to move away from the tree he was playing on, go up to the road,

move his mother out of the way, and lean into the passenger window.

 The State agrees with defendant that the exposure need only have been “in the

presence of” the child. See Waddell, 239 N.C. App. at 205, 767 S.E.2d at 924. The

State, however, takes issue with defendant’s reliance on Fly and Fusco for the

meaning of “in the presence of” in the context of an indecent exposure case. The State

instead emphasizes that “presence” should be given its plain meaning and looks to

Black’s Law Dictionary and a probation violation case, see State v. White, 129 N.C.

App. 52, 496 S.E.2d 842 (1998), to support its argument that “presence” should be

 -8-
 STATE V. HOYLE

 Opinion of the Court

interpreted by proximity. Thus, the State argues defendant’s alleged exposure was

“in the presence of” the child where the child was within sight or call, within the

immediate vicinity, playing on a nearby tree.

 Upon review of the arguments and the cases, we agree with defendant that Fly

and Fusco are controlling and provide the relevant law regarding presence in indecent

exposure cases in North Carolina. Under Fly and Fusco, in order for an exposure to

be “in the presence of” a child, the child must be present during the exposure and

have been able to see the exposure had the child looked. Ultimately, however, we

disagree with defendant’s argument that the trial court erred in denying his motions

to dismiss the felony indecent exposure charge. The evidence and circumstances in

this case, when viewed in the light most favorable to the State, were sufficient to

withstand defendant’s motion to dismiss and allow the jury to decide whether any

exposure by defendant was in the presence of the child.

 Nevertheless, in order for the jury to decide the issue, they must be issued

adequate instructions on the law in North Carolina.

 2. Jury Instructions

 On appeal, defendant also takes exception to the trial court’s denial of his

request for the inclusion of a special jury instruction on the meaning of presence in

the instructions for felony indecent exposure.

 -9-
 STATE V. HOYLE

 Opinion of the Court

 “The prime purpose of a court’s charge to the jury is the clarification of issues,

the elimination of extraneous matters, and a declaration and an application of the

law arising on the evidence.” State v. Cameron, 284 N.C. 165, 171, 200 S.E.2d 186,

191 (1973), cert. denied, 418 U.S. 905, 41 L. Ed. 2d 1153 (1974). “Whether a jury

instruction correctly explains the law is a question of law, reviewable by this Court

de novo.” State v. Barron, 202 N.C. App. 686, 694, 690 S.E.2d 22, 29, disc. review

denied, 364 N.C. 327, 700 S.E.2d 926 (2010).

 In reviewing the trial court’s jury instructions, this Court must consider the

instructions in their entirety. See State v. Wright, 302 N.C. 122, 127, 273 S.E.2d 699

703 (1981). “Where an instruction is requested by a party, and where that instruction

is supported by the evidence, it is error for the trial court not to instruct in substantial

conformity to the requested instruction.” State v. Rose, 323 N.C. 455, 458, 373 S.E.2d

426, 428 (1988). “However, an error in jury instructions is prejudicial and requires a

new trial only if ‘there is a reasonable possibility that, had the error in question not

been committed, a different result would have been reached at the trial out of which

the appeal arises.’ ” State v. Castaneda, 196 N.C. App. 109, 116, 674 S.E.2d 707, 712

(2009) (quoting N.C. Gen. Stat. § 15A-1443(a) (2007)).

 In this case, the defense requested an addition to the pattern instruction for

felony indecent exposure to define presence as set forth in Fly and Fusco. Specifically,

defendant requested that at the end of the third element in the pattern instruction

 - 10 -
 STATE V. HOYLE

 Opinion of the Court

for felony indecent exposure, “that the exposure was in the presence of at least one

other person[,]” see N.C.P.I.--Crim. 238.17A, the trial court additionally instruct that

“[t]he person need not actually see what is being exposed . . . but that the person could

have seen had they looked.” After considering the defendant’s requested special

instruction overnight, the trial court denied the request. The trial court instructed

the jury on felony indecent exposure pursuant to the pattern instructions, including

additional language that it is not necessary that the person see the exposure, but

excluding the language requested by defendant “that the person could have seen had

they looked.”

 As discussed above, defendant’s requested instruction on presence was a

correct statement of the law under Fly and Fusco. Furthermore, it is clear that the

substance of the requested instruction was not included in the instructions issued for

felony indecent exposure. Thus, it was error for the trial court not to give the

requested instruction. Lastly, it is likely that without the additional instruction

defining presence pursuant to Fly and Fusco, the jury considered only the child’s

proximity to the alleged exposure in determining whether the exposure was “in the

presence of” the child because, absent the requested instruction, there was no reason

for the jury to consider whether the child could have seen the alleged exposure had

he looked. Thus, defendant was prejudiced by the omission of the requested

 - 11 -
 STATE V. HOYLE

 Opinion of the Court

instruction. For these reasons, the trial court’s failure to give the requested

instruction constitutes reversible error warranting a new trial.

 III. Conclusion

 The trial court in this case did not err in denying defendant’s motion to dismiss

the felony indecent exposure charge because sufficient evidence was presented to

allow the jury to decide whether the alleged exposure was “in the presence of” the

child. However, a new trial is required because the trial court failed to give adequate

instructions upon defendant’s request for a special instruction explaining the

meaning of presence in the context of indecent exposure under North Carolina law.

 NEW TRIAL.

 Judge Calabria concurs.

 Judge Murphy dissents by separate opinion.

 - 12 -
 No. 17-1324 – State v. Hoyle

 MURPHY, Judge, dissenting.

 I agree that the Majority’s holding is a logical extension of the “could have seen

had they looked” language employed by our Court and the Supreme Court in Fusco

and Fly, respectively. Further, requiring that a victim of indecent exposure be able

to see such exposure “had they looked” in order to establish the “in the presence of”

element of indecent exposure would typically be an appropriate application of the rule

of lenity. However, I dissent because the General Assembly specifically intended for

our courts to construe the words of the indecent exposure statute as expansively as

our constitutions permit. Specifically, when the General Assembly enacted the base

indecent exposure statute, N.C. Gen. Stat. § 14-190.9, it expressly and unequivocally

stated its intent that:

 Every word, clause, sentence, paragraph, section, or other
 part of this act shall be interpreted in such manner as to
 be as expansive as the Constitution of the United States
 and the Constitution of North Carolina permit.

1971 S.L. 591 § 2. This broad interpretation mandate excludes the rule of lenity from

our normal canons of statutory construction.

 Fly and Fusco applied this broad approach based on the facts presented in

those cases. See State v. Fly, 348 N.C. 556, 560, 501 S.E.2d 656, 659 (1998) (stating

that “the majority of the Court of Appeals simply misread the legislative history and

the specifically expressed intent of the legislature which repealed the former statute

and adopted N.C.G.S. § 14-190.9”). In neither Fly nor Fusco did the defendant argue,
 STATE V. HOYLE

 MURPHY, J., dissenting.

as Defendant does here, that the State failed to establish the “in the presence of”

element of indecent exposure.

 Here, however, the Majority’s opinion takes a narrow view of the presence

element of indecent exposure, and the “could have seen had they looked” standard

adopted by the Majority today is not an element of N.C. Gen. Stat. § 14-190.9. The

Majority’s interpretation disregards the General Assembly’s intent that this statute

be interpreted in as expansive of a manner as the North Carolina and United States

constitutions permit. The trial court was not required to deviate from the pattern

jury instruction regarding the “in the presence of” element, and the trial court’s

decision to omit Defendant’s proffered addition was not an abuse of discretion. See

N.C.P.I. Crim. 238.17A. Therefore, I respectfully dissent.

 2