ARROWOOD, Judge.
*410 Neil Wayne Hoyle ("defendant") appeals from judgment entered upon his conviction for felony indecent exposure. For the following reasons, defendant is entitled to a new trial.
I. Background
On 6 June 2016, a Catawba County Grand Jury indicted defendant on one count of felony indecent exposure and one count of misdemeanor indecent exposure based on allegations that defendant exposed himself to a mother and her four-year-old son (the "child") on 16 March 2016. Defendant's case was tried in Catawba County Superior Court before the Honorable Jeffrey P. Hunt beginning on 30 May 2017.
The evidence at trial tended to show that just after the mother and her son arrived home on 16 March 2016, as the mother was unloading groceries and the child was playing in the front yard, a man later identified as defendant pulled up in front of the house with the passenger side of his vehicle facing the house. The road was slightly elevated from the front yard. Defendant first asked for directions. When the mother said she could not help him, defendant offered to work on the house and offered his business card. The mother declined several times, but defendant was persistent that she take his card. The mother approached defendant's vehicle with several grocery bags in her hand to take the card, believing defendant would then leave and she could finish unloading her groceries. The child was swinging on a nearby tree in the front yard, but did not approach defendant's vehicle. As the mother reached into defendant's passenger window and took the card from defendant, she saw that defendant had his hand on his exposed penis. The mother jerked back, dropped her bags, and fell into the small ditch alongside the road. The mother could hear defendant laugh and drive away as she gathered herself, grabbed her son, and ran into the house.
Once inside, the mother called the police. After several minutes, the mother went outside to gather the things she dropped and noticed that defendant's card was on the ground. When the police arrived, the mother told them what happened and gave them defendant's card. The police were able to identify a suspect based on the information on the card and the mother positively identified defendant in a photograph shown to her by the police. Defendant was in his mid-40s.
*411 The mother testified that defendant never verbally acknowledged the child, but did look over at him. The mother also testified that she did not think the child saw what defendant was doing. Based on the mother's description of the events and analysis of the scene, the investigating officer testified that the child was approximately 20 feet away from the location where defendant pulled up in front of the house. The tree the child was playing on was approximately 14 feet away from the location where defendant pulled up in front of the house.
Defendant turned himself in to police on 18 March 2016. At that time, defendant was questioned and arrested. Defendant acknowledged that he pulled up to the house and interacted with the mother. Defendant, however, denied exposing himself.
On 1 June 2017, the jury returned verdicts finding defendant guilty of felony indecent exposure and misdemeanor indecent exposure. The trial court entered judgment on felony indecent exposure sentencing defendant to a term of 10 to 21 months imprisonment and imposing sex offender registration and satellite-based monitoring requirements on defendant upon his release. The trial court arrested judgment on misdemeanor indecent exposure. Defendant gave notice of appeal in open court.
*152 II. Discussion
On appeal, defendant challenges the trial court's denial of his motions to dismiss and his request for a special jury instruction for felony indecent exposure.
1. Motion to Dismiss
At the close of the State's evidence and at the close of all the evidence, defendant moved to dismiss the charges,[1] specifically arguing the State did not present sufficient evidence to support the felony indecent exposure charge. Defendant now challenges the trial court's denial of his motions.
"This Court reviews the trial court's denial of a motion to dismiss de novo ." State v. Smith , 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). " 'Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.' "
*412 State v. Fritsch , 351 N.C. 373, 378, 526 S.E.2d 451, 455 (quoting State v. Barnes , 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993) ), cert. denied , 531 U.S. 890, 121 S.Ct. 213, 148 L.Ed. 2d 150 (2000). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." State v. Smith , 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). "In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." State v. Rose , 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), cert. denied , 515 U.S. 1135, 115 S.Ct. 2565, 132 L.Ed. 2d 818 (1995). "If the evidence is sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator of it, the motion should be allowed." State v. Powell , 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980).
This Court has explained that, as defined in N.C. Gen. Stat. § 14-190.9(a1), "[t]he elements of felony indecent exposure are that an adult willfully expose the adult's private parts (1) in a public place, (2) in the presence of a person less than sixteen years old, and (3) for the purpose of arousing or gratifying sexual desire." State v. Waddell , 239 N.C. App. 202, 203, 767 S.E.2d 921, 922 (2015) (internal quotation marks omitted). Defendant now contends, as he did below, that there was insufficient evidence that the alleged exposure was "in the presence of" the child to support the felony indecent exposure charge. Therefore, defendant contends the trial court erred in denying his motions to dismiss. Defendant does not challenge the sufficiency of the evidence related to the other elements of felony indecent exposure, or the evidence of misdemeanor indecent exposure.
This Court has made clear that it is not necessary that a defendant expose himself "to" a child; all that is required under N.C. Gen. Stat. § 14-190.9(a1) is that a defendant expose himself "in the presence of" a child. Id . at 205, 767 S.E.2d at 924.
In State v. Fly , 348 N.C. 556, 501 S.E.2d 656 (1998), our Supreme Court discussed the meaning of "in the presence of" for purposes of indecent exposure. In that case, a woman rounded a turn on the stairs up to her condominium and looked up to see the defendant bent over at the waist, with his short pants pulled down to his ankles, and wearing nothing else besides a backwards baseball cap. Id . at 557, 501 S.E.2d at 657. The Court first addressed whether the defendant exposed his private parts even though the woman only described seeing the defendant's " 'buttocks, the crack of his buttocks.' " Id . at 557, 559, 501 S.E.2d at 657, 658. Holding the jury could find the defendant did expose his private *413 parts, the Court explained that " ' "[i]t is not essential to the crime of indecent exposure that someone shall have seen the exposure provided it was intentionally made in a public place and persons were present who could have seen if they had looked ." ' " Id . at 561, 501 S.E.2d at 659 (quoting State v. King , 268 N.C. 711, 712, 151 S.E.2d 566, 567 (1966) (quoting *153 33 Am. Jur. Lewdness, Indecency and Obscenity § 7, at 19 (1941) ) ) (emphasis added). The Court further explained that
[l]ikewise, the current statute does not require that private parts be exposed to a member of the opposite sex before the crime is committed, but rather that they be exposed "in the presence of" a member of the opposite sex. The statute does not go to what the victim saw but to what defendant exposed in her presence without her consent.
Id . (internal citation omitted) (emphasis in original). Thus, in Fly , "the fact that [the woman] did not crane her neck or otherwise change her position in an attempt to see more of defendant's anatomy than he had already thrust before her face [did] not defeat the charge of indecent exposure." Id .
In State v. Fusco , 136 N.C. App. 268, 523 S.E.2d 741 (1999), the defendant was convicted of indecent exposure based on evidence showing that a woman and her mother looked out a window and saw the defendant lying on a creek embankment adjacent to their backyard masturbating with his robe open. The defendant appealed, arguing the charge for indecent exposure in the presence of the mother should have been dismissed because the mother never testified and testimony elicited on her behalf was hearsay. Id . at 269, 523 S.E.2d at 742. This Court held "the mere fact that [the mother] did not testify does not justify dismissal of the charge for indecent exposure in her presence[,]" id . at 270, 523 S.E.2d at 742, noting that "[the mother's] testimony was not even needed to substantiate [the] charge[,]" because
[i]ndecent exposure involves exposing one's self "in the presence of" a person of the opposite sex. The victim need not actually see what is being exposed. Accordingly, the State was not required to produce evidence as to what [the mother] actually saw; it only needed to show that defendant was exposing himself and that [the mother] was present during this exposure and could have seen had she looked .
Id . (emphasis added).
*414 Based on Fly and Fusco , defendant contends that "while North Carolina authority does not require that a complaining witness change their position or be within a certain distance in order to see a defendant's exposed private parts, ... [i]n order to be a victim of indecent exposure it remains necessary that the complaining witness could have seen the private part if they had looked without much effort." Defendant contends there was insufficient evidence in this case that the child could have seen the alleged exposure to support the presence element. In fact, defendant contends the evidence shows that the child could not have seen the alleged exposure without effort. Defendant asserts that in order to see the alleged exposure, the child would have had to move away from the tree he was playing on, go up to the road, move his mother out of the way, and lean into the passenger window.
The State agrees with defendant that the exposure need only have been "in the presence of" the child. See Waddell , 239 N.C. App. at 205, 767 S.E.2d at 924. The State, however, takes issue with defendant's reliance on Fly and Fusco for the meaning of "in the presence of" in the context of an indecent exposure case. The State instead emphasizes that "presence" should be given its plain meaning and looks to Black's Law Dictionary and a probation violation case, see State v. White , 129 N.C. App. 52, 496 S.E.2d 842 (1998), to support its argument that "presence" should be interpreted by proximity. Thus, the State argues defendant's alleged exposure was "in the presence of" the child where the child was within sight or call, within the immediate vicinity, playing on a nearby tree.
Upon review of the arguments and the cases, we agree with defendant that Fly and Fusco are controlling and provide the relevant law regarding presence in indecent exposure cases in North Carolina. Under Fly and Fusco , in order for an exposure to be "in the presence of" a child, the child must be present during the exposure and have been able to see the exposure had the child looked. Ultimately, however, we disagree with defendant's argument that the trial court erred in denying his motions to dismiss the felony indecent exposure charge. The evidence and circumstances in this case, when viewed in the light most favorable to the State, were *154 sufficient to withstand defendant's motion to dismiss and allow the jury to decide whether any exposure by defendant was in the presence of the child.
Nevertheless, in order for the jury to decide the issue, they must be issued adequate instructions on the law in North Carolina.
*415 2. Jury Instructions
On appeal, defendant also takes exception to the trial court's denial of his request for the inclusion of a special jury instruction on the meaning of presence in the instructions for felony indecent exposure.
"The prime purpose of a court's charge to the jury is the clarification of issues, the elimination of extraneous matters, and a declaration and an application of the law arising on the evidence." State v. Cameron , 284 N.C. 165, 171, 200 S.E.2d 186, 191 (1973), cert. denied , 418 U.S. 905, 94 S.Ct. 3195, 41 L.Ed. 2d 1153 (1974). "Whether a jury instruction correctly explains the law is a question of law, reviewable by this Court de novo ." State v. Barron , 202 N.C. App. 686, 694, 690 S.E.2d 22, 29, disc. review denied , 364 N.C. 327, 700 S.E.2d 926 (2010).
In reviewing the trial court's jury instructions, this Court must consider the instructions in their entirety. See State v. Wright , 302 N.C. 122, 127, 273 S.E.2d 699 703 (1981). "Where an instruction is requested by a party, and where that instruction is supported by the evidence, it is error for the trial court not to instruct in substantial conformity to the requested instruction." State v. Rose , 323 N.C. 455, 458, 373 S.E.2d 426, 428 (1988). "However, an error in jury instructions is prejudicial and requires a new trial only if 'there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises.' " State v. Castaneda , 196 N.C. App. 109, 116, 674 S.E.2d 707, 712 (2009) (quoting N.C. Gen. Stat. § 15A-1443(a) (2007) ).
In this case, the defense requested an addition to the pattern instruction for felony indecent exposure to define presence as set forth in Fly and Fusco . Specifically, defendant requested that at the end of the third element in the pattern instruction for felony indecent exposure, "that the exposure was in the presence of at least one other person[,]" see N.C.P.I.-Crim. 238.17A, the trial court additionally instruct that "[t]he person need not actually see what is being exposed ... but that the person could have seen had they looked ." After considering the defendant's requested special instruction overnight, the trial court denied the request. The trial court instructed the jury on felony indecent exposure pursuant to the pattern instructions, including additional language that it is not necessary that the person see the exposure, but excluding the language requested by defendant "that the person could have seen had they looked."
As discussed above, defendant's requested instruction on presence was a correct statement of the law under Fly and Fusco . Furthermore, it *416 is clear that the substance of the requested instruction was not included in the instructions issued for felony indecent exposure. Thus, it was error for the trial court not to give the requested instruction. Lastly, it is likely that without the additional instruction defining presence pursuant to Fly and Fusco , the jury considered only the child's proximity to the alleged exposure in determining whether the exposure was "in the presence of" the child because, absent the requested instruction, there was no reason for the jury to consider whether the child could have seen the alleged exposure had he looked. Thus, defendant was prejudiced by the omission of the requested instruction. For these reasons, the trial court's failure to give the requested instruction constitutes reversible error warranting a new trial.
III. Conclusion
The trial court in this case did not err in denying defendant's motion to dismiss the felony indecent exposure charge because sufficient evidence was presented to allow the jury to decide whether the alleged exposure was "in the presence of" the child. However, a new trial is required because the trial court failed to give adequate instructions upon defendant's request for a special instruction explaining the meaning of presence in the *155 context of indecent exposure under North Carolina law.
NEW TRIAL.
Judge Calabria concurs.
Judge Murphy dissents by separate opinion.

Defendant referred to his motion as a motion for a directed verdict. The trial court, however, properly considered it as a motion to dismiss for insufficiency of the evidence.