IN THE SUPREME COURT OF NORTH CAROLINA

No. 239A18

Filed 28 February 2020

STATE OF NORTH CAROLINA

v.

NEIL WAYNE HOYLE

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 818 S.E.2d 149 (N.C. Ct. App. 2018), vacating a judgment entered on 1 June 2017 by Judge Jeffrey P. Hunt in Superior Court, Catawba County, and remanding for a new trial. On 5 December 2018, the Supreme Court allowed the parties' petitions for discretionary review of additional issues. Heard in the Supreme Court on 5 November 2019.

*Joshua H. Stein, Attorney General, by Tiffany Y. Lucas, Special Deputy Attorney General, for the State-appellant.*

*Anne Bleyman for defendant-appellee.*

NEWBY, Justice.

In this case we decide whether a defendant charged with felony indecent exposure is entitled to an instruction requiring the jury to find that the victim could have seen the exposed private part had the victim looked. We hold that a defendant is not entitled to such an instruction. It is sufficient for the instruction to explain that the jury must find beyond a reasonable doubt that the exposure was in the presence

of another person. We also conclude that the evidence at trial was sufficient for the jury to find that defendant exposed himself in the presence of the child victim. Finding no error in defendant's conviction, we therefore reverse the decision of the Court of Appeals in part.

The child victim was four years old at the time of the incident. His mother drove home from the grocery store with him in the car. After the mother parked, she began removing grocery bags from the car while the child played in the yard. As she was removing the bags, defendant came to her home in his car. Defendant parked along the street at the edge of the yard and called out to her to ask for directions. She explained to defendant that she could not help him; defendant then offered to do some work on her house. She declined, but defendant persisted. Finally, at defendant's request, the mother walked over to defendant's car to take his business card. When she arrived at the passenger side window and reached in to take the card, she saw defendant's exposed genitals. She quickly pulled her hand back, stumbled, dropped the groceries, and ran to grab her child and go inside the house. As she ran from defendant's car, she heard him laugh. During this encounter, the child was playing by a tree in the yard about twenty feet from defendant's car. Law enforcement identified defendant by the business card he had given the mother.

Defendant was tried in Superior Court, Catawba County, for one count of felony indecent exposure, the child being the victim, and one count of misdemeanor indecent exposure, the mother being the victim, both under N.C.G.S. § 14-190.9

(2017). After the State presented its evidence, and again after all evidence was presented, defendant moved to dismiss the felony indecent exposure charge for insufficient evidence. The trial court denied the motion. Defendant also asked the court to instruct the jury that, to find that defendant's exposure was in the presence of someone under the age of sixteen as required by the statute, it must find beyond a reasonable doubt that the child "could have seen [the exposure] had [he] looked." The court declined and, instead, followed the pattern jury instruction. It instructed the jury that to satisfy the "presence" element, the State must prove beyond a reasonable doubt that the exposure "was in the presence of at least one other person." It also explained that "[i]t is not necessary that [the exposure] be directed at or even seen by another person." The jury found defendant guilty of both felony and misdemeanor indecent exposure, and the trial court arrested judgment on the misdemeanor charge. Defendant was sentenced to ten to twenty-one months in custody and was ordered to register as a sex offender and enroll in lifetime satellite-based monitoring.

Defendant appealed to the Court of Appeals, arguing that the trial court committed prejudicial error by refusing to give the instruction he requested. He also argued that the Court of Appeals should vacate his conviction for felony indecent exposure because the evidence was insufficient to show that he exposed himself "in the presence of" the child. The Court of Appeals held that the trial court should have instructed the jury that to satisfy the "presence" element the State must show that the victim could have seen the exposure had he looked, and that failure to give the

instruction was reversible error. The Court of Appeals, however, agreed with the trial court that the evidence was sufficient to allow the jury to consider whether the presence element was satisfied. It thus ordered a new trial requiring defendant's requested jury instruction. The dissent thought the trial court properly instructed the jury. The State appealed to this Court based on the dissent. This Court also allowed the parties' petitions for discretionary review, including defendant's request that the Court review the sufficiency of the evidence issue.

The State argues that the Court of Appeals wrongly held that the "presence" requirement under subsection 14-190.9(a1) means the child must have been able to see defendant's exposed private part had he looked. Defendant claims the Court of Appeals was correct about the jury instruction and also argues that the evidence was insufficient to satisfy the presence element of felony indecent exposure.

Subsection 14-190.9(a1) provides that

> any person at least 18 years of age who shall willfully expose the private parts of his or her person in any public place in the presence of any other person less than 16 years of age for the purpose of arousing or gratifying sexual desire shall be guilty of a Class H felony.

The elements of felony indecent exposure under this statute are that the defendant was at least eighteen years old at the time of the exposure, that he willfully exposed his private parts, that the exposure was in a public place, that the exposure was in the "presence" of someone under the age of sixteen, and that the exposure was committed to arouse or gratify sexual desire. *See State v. Fly*, 348 N.C. 556, 559, 501

S.E.2d 656, 658 (1998) (interpreting a similarly worded prior version of section 14-190.9). The presence element is the only element defendant contests before this Court, so we do not address the others.

This Court previously considered the presence element of indecent exposure in *State v. Fly*. In that case, the victim walked up the steps of her condominium building, and, upon rounding a section of stairs, looked up and saw the defendant "mooning" her. *Id.* at 557, 501 S.E.2d at 657. The defendant's pants were pulled down to his ankles and the victim could see the "crack of his [exposed] buttocks." *Id.* When the victim saw the defendant, she yelled, and the defendant quickly pulled up his pants and ran away. *Id.* One issue in *Fly* was whether the defendant could be convicted when the victim saw the "crack of his buttocks," but could not see his genitals. *Id.* at 559, 501 S.E.2d at 658. The Court first held that though the buttocks is not a "private part" under the indecent exposure statute, "the external organs of sex and excretion" are. *Id.* at 560, 501 S.E.2d at 659. It then held that a jury could reasonably find that the defendant had exposed "either his anus, his genitals, or both." *Id.* at 561, 501 S.E.2d at 659. The Court explained that the statute does not require the victim to have seen the exposure; instead, it only requires that the exposure was willfully made in a public place and in the presence of another. *Id.* The exposure need not have been *to* another, as long as it occurred in the *presence* of another. *Id.* Indecent exposure, the Court said, "does not go to what the victim saw but to what defendant exposed in her presence without her consent." *Id.* Therefore, the Court held that a jury could

have found that the defendant exposed his genitals in the presence of the victim, even though the victim did not see them and could not have seen them without being positioned differently. *Id.*

In light of the plain language of N.C.G.S. § 14-190.9 as interpreted in *Fly*, we hold that the requirement that the exposure be "in the presence of" the victim does not require a jury to find that the victim could have seen the exposed private parts had he or she looked. The statutory requirement that the exposure be in the presence of another focuses on where a defendant places himself relative to others; it concerns what the defendant does, not what the victim does or could do. *See, e.g.*, *Fly*, 348 N.C. at 561, 501 S.E.2d at 659 ("The statute does not go to what the victim saw but to what defendant exposed in her presence without her consent."). If a defendant exposes himself in public and has positioned himself so he is sufficiently close to someone under the age of sixteen, the presence element of subsection 14-190.9(a1) is satisfied.[1]

The jury instruction in this case drew directly from the statutory language and the *Fly* opinion. The trial court instructed the jury that to return a guilty verdict it must find beyond a reasonable doubt "that the exposure was in the presence of at

---

[1] To hold otherwise would lead to absurd results. If the offense of indecent exposure is not committed unless the victim could have seen the exposure had he or she looked, then a conviction could hinge on considerations like the quality of the victim's vision. We see nothing in the statute's language indicating that the General Assembly intended a defendant to be culpable for indecent exposure by exposing himself near a child with 20/20 vision, but not for exposing himself near a visually impaired child who left her glasses at home that day. In the same way, we do not think the General Assembly would have intended defendant's culpability to be contingent on whether the victim child happened to climb a tree or otherwise move to a position where he could more easily see the exposure.

least one other person" and that "[i]t is not necessary that [the exposure] be directed at or even seen by another person." This instruction was correct.

Finally, the evidence at trial was sufficient to satisfy the presence element of the felony indecent exposure statute. When we consider a defendant's motion to dismiss, the question is "whether there is substantial evidence . . . of each essential element of the offense charged." *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (2000) (quoting *State v. Powell*, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78–79, 265 S.E.2d 164, 169 (1980) (citation omitted). The trial court must consider the evidence in the light most favorable to the State. *State v. Rose*, 339 N.C. 172, 192–93, 451 S.E.2d 211, 223 (1994). Because defendant has only contested the sufficiency of the evidence as to the "presence" element of the offense, that is the only element we consider.

At the time of the exposure, defendant was in his car along a road in front of the victim's house. He exposed himself while the child was about twenty feet away. Viewing the evidence in the light most favorable to the State, the proximity of the exposure to the victim was sufficiently close that a jury could find it was in the child's presence. The properly instructed jury, by returning a guilty verdict, apparently concluded it was. The conviction was thus appropriate. We therefore agree with the Court of Appeals that the evidence was sufficient to support defendant's felony indecent exposure conviction. That portion of the Court of Appeals' decision is

affirmed.

But because the Court of Appeals erroneously held that defendant was entitled to an instruction requiring the jury to find that the child could have seen the exposure had he looked, and that the failure to give the instruction was prejudicial to defendant, we reverse that portion of the decision of the Court of Appeals that awarded defendant a new trial and find no error in defendant's conviction for felony indecent exposure.

AFFIRMED IN PART; REVERSED IN PART.